**Anna Pico, by Nicalo Accomondo, Plaintiff in Error, v. Chicago Railways Company, Defendant in Error.**

**Gen. No. 22,640.    (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed January 22, 1917. Rehearing denied February 5, 1917.

### Statement of the Case.

Action by Anna Pico, a minor, by Nicalo Accomondo, her next friend, plaintiff, against Chicago Railways Company, defendant, to recover damages for personal injuries. From a judgment and verdict presumably for the defendant, plaintiff brings error.

RANKIN, HOWARD & DONNELLY, for plaintiff in error.

JOSEPH D. RYAN and FRANK L. KRIETE, for defendant in error; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 892*—*what is effect of failure to file proper abstract.* An abstract is the pleading of the parties, and where it fails to show the nature of the verdict or what the judgment was, affirmance is warranted, but *held* that from the nature of the case consideration would be given to the merits involved.

2. STREET RAILROADS, § 69*—*when motorman running over child is not guilty of negligence.* Where a child five years old who was standing on a street curb at a crossing suddenly ran from the curb on the approach of a street car when the car was a short distance away, and stumbled and fell alongside the car with one

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

hand on a rail in front of the car, and the motorman, as soon as he saw the child leave the curb, struck his gong and applied the brake but was unable to stop the car, and the child's hand was injured, *held* that the motorman was not chargeable with negligence.

3. Appeal and error, § 1303*—*when presumed that evidence disclosed by photograph not, incorporated in bill of exceptions was sufficient to satisfy jury.* Where a photograph was introduced in evidence and considered by the jury but was not incorporated in the bill of exceptions, the evidence is assumed to have been sufficient to satisfy the jury as to the matters shown thereby.

4. Trial, § 54*—*when denial of motion to withdraw juror and continue case because of alleged improper conduct of juror is not error.* Where a juror was accused of improper conduct but denied same under oath unequivocally and the court, after considering affidavits by the parties concerned, denied a motion to withdraw a juror and continue the case, *held* that there was no error in such denial.